SUMMARY ORDER

Petitioner Zien Tang, a native and citizen of China, seeks review of a March 28, 2008 order of the BIA affirming the March 6, 2006 decision of Immigration Judge (“IJ”) Robert Weisel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zien Tang, No. A 95 687 997 (B.I.A. Mar. 28, 2008), aff'g No. A 95 687 997 (Immig. Ct. N.Y. City Mar. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ’s decisions, we review both the BIA’s and the IJ’s opinions. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Deft of Justice, 428 F.3d 391, 406 (2d Cir.2005).
The IJ determined that Tang was not credible. An adverse credibility determination must be “based on specific, cogent reasons bearing a legitimate nexus to the determination.” Belortaja v. Gonzales, 484 F.3d 619, 626 (2d Cir.2007). Material inconsistencies that go “to the heart of [the] petitioner’s claim for relief’ may serve as the basis for an adverse credibility determination. Hongsheng Leng v. Mukasey, 528 F.3d 135, 141-42 (2d Cir.2008) (per curiam) (quotation marks omitted).[1]
The IJ found it inconsistent that Tang’s asylum application stated he was released from detention — where he was being allegedly held for passing out literature on *33 Christianity — subject to supervisory conditions, but Tang testified that there were no conditions of release. There was no error in this finding even though Tang later testified that Chinese government officials attempted to arrest him after his release. The IJ also accurately observed the inconsistency between Tang’s testimony that he only attended one church in China, which he identified by name, and the letter from a church of a different name indicating that Tang was a “[cjhurch member.”[2]
The IJ was entitled to view these inconsistencies as undermining the authenticity of Tang’s claim of persecution based on the practice of Christianity. Having called Tang’s testimony into question, the IJ reasonably concluded that the absence of corroborative evidence from his parents further undermined his credibility. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). As the BIA observed, the IJ’s credibility findings were not “sweeping” in nature. But the discrepancies the IJ identified and the lack of corroboration, taken together, provide substantial evidence for the IJ’s adverse credibility determination. See 8 U.S.C. § 1158(b)(l)(B)(iii); Corovic, 519 F.3d at 95. We affirm the IJ’s denial of Tang’s application for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

. In Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam), we recognized that the Real ID Act abrogated, in part, our holding in Secaida-Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003) (minor inconsistencies "collateral or ancillary” to the petitioner's claim could not support an adverse credibility determination), for cases filed after May 11, 2005, the effective date of the Act. Id. Petitioner here filed his application before the effective date of the Real ID Act such that Secaida-Rosales is applicable in this case. See, e.g., Balachova v. Mukasey, 547 F.3d 374, 380 n. 2 (2d Cir.2008).

. Tang has waived any challenge to the IJ’s finding of an inconsistency between the testimony that he only attended one church, and earlier testimony that he also attended another church shown in a photograph, because he does not raise any argument about this finding in his brief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).